122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carol POST, Plaintiff-Appellant,
v.
David E. PARSONS, in his capacity as Hawaii Hawaii State
Boating Manager and as an individual; Stephen L. Thompson,
in his capacity as Oahu Small Boat Harbors Manager, and as
an individual; Vaughn Tyndzik, in his capacity as an agent
of the State of Hawaii, Defendants-Appellees.
 No. 95-17276.
 United States Court of Appeals, Ninth Circuit.
 Aug. 20, 1997.
 
 1
 Appeal from the United States District Court for the District of Hawaii, No. CV-94-00800-DAE/BMK; David A. Ezra, District Judge, Presiding.
 
 
 2
 Before: SCHROEDER, O'SCANNLAIN, Circuit Judges, and KELLEHER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Carol Post filed this civil rights action under 42 U.S.C. § 1983 alleging that Hawaii boating officials destroyed her private mail distribution business in retaliation for Post's public criticism of the state's management of Keehi Lagoon. Post appeals the district court's grant of summary judgment to Defendants.
 
 
 5
 The district court correctly decided that because Post's sublease had expired, she had no protectable property interest under the Due Process Clause. See Board of Regents v. Roth, 408 U.S. 564, 577-78 (1972). Although Post claims her right to earn a livelihood is also a protected liberty interest, she had no right to continue her business on harbor property absent a lease permitting her to do so. Because Post suffered no constitutionally cognizable deprivation of liberty or property, Defendants were entitled to summary judgment on Post's due process claim.
 
 
 6
 Post's more substantial claim is that Defendants retaliated against her because of her protected expression, in violation of the First Amendment as incorporated through the Fourteenth Amendment. On this claim, we find that there exists a genuine issue of material fact which precludes summary judgment as to Defendants Thompson and Tyndzik.
 
 
 7
 "For the purposes of summary judgment, even in a qualified immunity case, we must assume the nonmoving party's version of the facts to be correct." Liston v. County of Riverside, Nos. 94-56584, 94-56615, 1997 WL 403988, at * 10 (9th Cir. July 21, 1997). At this stage the evidence submitted by Post "is to be believed, and all justifiable inferences are to be drawn in [her] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Viewing the evidence in that light, we must decide whether a reasonable factfinder could decide the case in Post's favor, keeping in mind the burden of proof Post would bear at trial. See id. at 248, 252-54; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 8
 At trial, Post would have to prove by a preponderance of the evidence that the state officials took action against her because of her protected expressive activities. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). Post's burden is to demonstrate that her protected expression was a "substantial" or "motivating" factor behind the state officials' adverse actions. The burden would then shift to Defendants to show that they would have taken those actions even in the absence of the protected expression. See Allen v. Scribner, 812 F.2d 426, 433 (9th Cir.1987) (citing Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).
 
 
 9
 There is ample evidence that Post engaged in First Amendment protected activities. Her vocal public criticism of state officials for their performance of their official duties is "the most fundamental sort of first amendment expression." Allen, 812 F.2d at 431. There is also evidence that Defendants took actions adverse to Post. Defendants Parsons and Thompson both participated in the decision to reject Post's application for a permit to conduct business at the Ice House. Defendants Aila and Tyndzik both told Post's customers they could no longer use Post's address as their mailing address, and Defendant Aila told the postmaster that Parsons was no longer authorized to receive mail on harbor property. Additionally, Post presented evidence from which one could infer that Defendants Tyndzik and Thompson pressured Keehi Marine not to give Post the month-to-month sublease she requested. In Post's declaration, she alleges that Tyndzik told Post he was going to make her lease his business. She states that immediately after making this statement, Tyndzik headed into the office at Keehi Marine. And in Suzanne Breneman's affidavit, Ms. Breneman states that Tyndzik claimed "that he didn't want [Post] living or doing business in the Lagoon, and that he had ways to be able to put pressure on [Post] to accomplish that. He told me that he intended to make her life miserable until she was out of business, and out of the Lagoon."
 
 
 10
 As the district court correctly recognized, the disputed issue is causation: whether Defendants' actions against Post were taken because of Post's expressive activities. Post's evidence creates at least a genuine issue of fact as to the motivations of Defendants Tyndzik and Thompson. The Breneman affidavit states that Tyndzik told Breneman that Post "wouldn't be around much longer," because Post had " 'pissed off' Steve Thompson of the State Harbors Department and they wanted to get her out of the area so that she would no longer have the ability or the location to be the local information center for the boaters of Keehi Lagoon." Post also submitted an internal memorandum on which Thompson asked that Post's application for a permit to conduct business at the Ice House be rejected, "[i]n light of all that has transpired regarding the area and our desire not to have a postal service" (emphasis added). A reasonable inference from Thompson's recommendation and from Tyndzik's statements to Breneman is that Tyndzik and Thompson took action to get Post out of the harbor because of her criticism of harbor management.
 
 
 11
 Post has failed, however, to adduce evidence from which a reasonable factfinder could conclude that Defendants Parsons and Aila had retaliatory motivations. Although Defendant Parsons testified in his deposition that he agreed with Thompson's recommendation to reject Post's application, Parsons testified that he did so because he wanted to seek a higher-income use of the property. Post has not submitted any other evidence from which one could infer Parsons had some other motivation. And Post has submitted no evidence at all regarding Defendant Aila's motivation. The only evidence regarding Defendant Aila is that he told several people including the postmaster that Post did not have permission to receive mail at the harbor. That statement was true, and in the absence of any other evidence it would be speculation, not reasonable inference, to conclude that Aila was motivated by a retaliatory reason toward Post.
 
 
 12
 Finally, Post has failed to adduce evidence of retaliation by any Doe Defendant.
 
 Conclusion
 
 13
 The grant of summary judgment to all Defendants on Post's due process claim is AFFIRMED. The grant of summary judgment to Defendants Parsons, Aila, and Does 1-50 on Post's First Amendment retaliation claim is AFFIRMED. The grant of summary judgment to Defendants Thompson and Tyndzik on Post's First Amendment retaliation claim is REVERSED.
 
 
 14
 The district court's dismissal of Post's state law claims was predicated only on its grant of summary judgment on all federal claims. Because we reinstate one of Post's federal claims against Defendants Thompson and Tyndzik, we must reinstate her state law claims as well. The district court's dismissal of Post's state law claims against Defendants Thompson and Tyndzik is REVERSED. The dismissal of Post's state law claims against all other Defendants is AFFIRMED.
 
 
 15
 The case is REMANDED for further proceedings consistent with this memorandum disposition.
 
 
 16
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED. Each side is to bear its own costs.
 
 
 
 **
 Honorable Robert J. Kelleher, United States District Senior Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3